IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID PARDUE                                                                                    PLAINTIFF

        v.                              Civil No. 05-5004

SGT. GLASS; DEPUTY ROBERT TAYLOR;
DEPUTY CRAIN; SHERIFF STEVE WHITMILL;
and JOHN DOES Deputies at Washington County
Jail                                                                                              DEFENDANTS

**O R D E R**

On November 3, 2005, the plaintiff in this matter, David Pardue, filed a motion (Doc. 25) to compel the defendants to answer his first, second, and third sets of interrogatories and to produce the records sought therein. The plaintiff states that the defendants have provided incomplete or contradictory answers to the first and second sets of interrogatories and failed to answered the third set.

In response to this motion (Doc. 25), defendants state that "Plaintiff's claims are not specific enough to warrant relief and not meritourious since the Defendants have full responded to Plaintiff's discovery request to date." Defendants also state, "Plaintiff does not cite any specific deficiencies in the Defendants' responses to his discovery requests, except to state that his third set of requests when unanswered." Defendants attached their responses to the plaintiff's third set of interrogatories to their response to the motion to compel.

In reply to this response (Doc. 30), the plaintiff contends that the defendants are attempting to withhold certain information from plaintiff. Specifically, plaintiff claims that the defendants' response about being unable to locate the log book for the restraint chair and their objection due to security reasons to plaintiff's request for a diagram of the floor plan of the

former detention center are dishonest and deliberately evasive.

To the extent plaintiff's motion to compel seeks a response from defendants to his third set of interrogatories, the motion is DISMISSED in part as moot. The defendants have now responded to those interrogatories as evidenced by the copy that defendants attached to their response to plaintiff's motion to compel.

Plaintiff does not attach a copy of his first and second set of interrogatories or the defendants' responses thereto. Thus, the court is unable to determine or review exactly what deficiencies the plaintiff complains about in his motion. For instance, plaintiff frequently refers to interrogatory numbers, but he does not state which set of interrogatories the questions come from. However, it is clear from plaintiff's motion, that he is requesting copies of the log books which apparently record what inmates where placed in the restraint chair, what officials ordered the placement in the chair, and when these events occurred. He is also requesting the address and phone number of Nurse Laura Rico, who apparently treated plaintiff on August 2 or 3, 2003. (Doc. 25.)

Therefore, the defendants are hereby ordered to submit the following to the court and to the plaintiff by December 16, 2005:

(1) an affidavit explaining why the defendants have been unable to locate the log book which records information concerning the restraint chair and describing the steps taken by defendants to locate this information;

(2) an affidavit explaining why the defendants have not produced the names, addresses, and phone numbers of inmates, other than Pardue, who have been placed in the restraint chair;

(3) the address and phone number for Nurse Laura Rico; and

(4) an affidavit explaining why it remains a security concern to not release a floor diagram of the detention center that is no longer in use.

IT IS SO ORDERED this 29th day of November 2005.

**/s/ Beverly Stites Jones**
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)