IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID PARDUE                                                                 PLAINTIFF

v.               Civil No. 05-5004

SGT. GLASS; DEPUTY ROBERT TAYLOR;
DEPUTY CRAIN; SHERIFF STEVE WHITMILL;
and JOHN DOES Deputies at Washington County
Jail                                                                   DEFENDANTS

## **O R D E R**

Now pending before the court is plaintiff's motion (Doc. 39) to substitute Jeremy Selvey for defendant "John Does Deputies at Washington County Jail." The defendants have filed a response (Doc. 43) to this motion, along with a memorandum brief (Doc. 44) in support of that response. A reply (Doc. 47) was filed by the plaintiff, surreply (Doc. 50) was submitted by defendants, and plaintiff filed another reply (Doc. 51) thereto.

When plaintiff initiated this action, he filed his complaint in the United States District Court for the Eastern District of Arkansas. (Doc. 1.) Prior to transfer, an order was entered directing Pardue to file a motion to amend or join identified parties within 120 days, subject to extension for good cause. The court noted that Pardue's failure to comply would result in the dismissal of John Doe defendants. (Doc. 1.) In response to this order, Pardue stated that until the named defendants were served, he was unable to use the discovery process to identify the unknown John Doe Jailers/Deputies. (Doc. 1.)

After transfer, the complaint was served on the named defendants. (Docs. 2, 4, 6, 7, 10.) On October 10, 2005, plaintiff filed a motion (Doc. 19) to amend/correct his complaint. This motion was denied. (Doc. 33.) In the denial, the undersigned noted that plaintiff referred to

Officer J. Selvey as a defendant in this action, but that Officer Selvey had not previously been named as a defendant. The court directed plaintiff to file a motion to substitute parties no later than December 16, 2005. (Doc. 33.)

The instant motion followed. In this motion, plaintiff states factual claims involving Officer Selvey that are additional to those attributed to him in the complaint. (Doc. 39.) The defendants state that because the motion was filed 3½ years after the alleged incident occurred, claims against Selvey are time-barred. The defendants further argue that, to the extent that plaintiff is relying upon Arkansas's "John Doe statute" to toll the statute of limitations, that statute is not applicable because the plaintiff failed to file the required certifying affidavit and because plaintiff knew Selvey's identity at the time he filed his complaint. (Doc. 43.) In response, the plaintiff states that he did not initially name Selvey as a defendant because he did not know Selvey's full name and the defendants had failed in discovery to name Selvey as an officer who had knowledge of the incident involving Pardue, however Pardue notes that he received a copy of an incident report from the defendants which identified Selvey as one of the deputies involved. (Doc. 47.) Defendants counter that the fact that Pardue did not know Selvey's full name did not preclude him from naming Selvey as a defendant. Defendants point out that Pardue named several others as defendants without knowing or listing those persons' full names. Second, defendants note that Selvey's full name was provided in defendants' response to plaintiff's second set of interrogatories. (Doc. 50.)

As pointed out by the defendants, plaintiff had actual knowledge of officer Selvey's name at the time that he filed his initial complaint, therefore he is not entitled to protection under the rule pertaining to the relation back of amendments. *See* Fed. R. Civ. P. 15(c)(3); *Cornwell v.*

AO72A
(Rev. 8/82)

*Robinson*, 23 F.3d 694, 705 (2nd Cir. 1994) (Rule 15 not applicable where plaintiff knew names of individuals at time complaint was filed; decision not to name certain persons as defendants must be viewed as matter of choice, not mistake). Further, the plaintiff has failed to show that defendants intentionally withheld officer Selvey's name from their responses to plaintiff's discovery requests. At the time--October 19, 2005--that plaintiff first requested to file an amendment to his complaint (Doc. 19), the statute of limitations had expired on his claim. Therefore, as stated by the defendants, the time for naming officer Selvey as a defendant in substitution for the "John Doe" defendants has passed.

Thus, plaintiff's motion (Doc. 39) to substitute should be and hereby is DENIED.

IT IS SO ORDERED this 20th day of September 2006.

                                        **/s/ Beverly Stites Jones**
                                      _____
                                      HON. BEVERLY STITES JONES
                                      UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)